*Rahmeen Review Order*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 FEB -3 P 2: 41
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| MALCOLM ABDUL RAHMEEN,<br>    plaintiff, | : |
| v. | : PRISONER<br>: Case No. 3:11-cv-1893(AVC) |
| DAVIS, et al.,<br>    defendants. | : |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983 (2000). He also seeks leave to amend the complaint to add additional claims and defendants. The plaintiff's motion to amend is granted. The court will consider the amended complaint in this order.

In the amended complaint, the plaintiff names sixteen defendants: Correctional Officers Davis, Reed, Cieboter, Santiago and Melina; Warden Maldonado; Deputy Warden Mulligan; Unit Manager Marinelli; Drs. Robert Trestman, Robert Berger and Mark Buchanan; Psychologists Drs. Daniel Bannish and Mark Frayne; Psychiatrist Dr. Gerard Gagne, Jr., Nurse Dolores Walker; and Social Worker Odette Bogle. All defendants are named in their individual capacities only. The plaintiff asserts three claims: (1) denial of adequate clothing for cold weather, (2) unauthorized disclosure of medical information, and (3) use of excessive force and denial of medical treatment.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

In his first claim, the plaintiff alleges that the prison issued clothing does not provide sufficient warmth for outdoor exercise in the winter. He states that the defendants,

Maldonado, Mulligan and Marinelli, have ignored his requests for heavier shoes, thermal underwear and a hat. In response to one inmate request, defendant Marinelli suggested that the plaintiff forego outdoor exercise if he thought the weather was too cold. Compl. at 23. The plaintiff does not contend that the clothing provided is inadequate for indoor wear at the maintained temperature of 70 degrees.

The plaintiff relies on the second circuit's determination that an inmate may state an Eighth Amendment claim for exposure to cold temperatures in the cell block. See Gaston v. Coughlin, 249 F.3d 156, 164-65 (2d Cir. 2001). As the correctional staff informed the plaintiff, exposure to freezing temperatures in the cell for extended periods without adequate clothing is different from the plaintiff's claim that, in addition to a coat, he must be provided a hat, thermal underwear and heavy shoes for his one hour of outdoor exercise. The plaintiff has no constitutionally protected right to a hat, thermal underwear or heavy shoes for outdoor recreation. See Geber v. Sweeney, 292 F. Supp. 2d 700, 709-10 (E.D. Pa. 2003)(holding that denial of hats, gloves and heavier shoes for outdoor recreation in winter did not violate Eighth Amendment right to regular exercise). This claim is, therefore, dismissed pursuant to 28 U.S.C. § 1915A.

In his second claim, the plaintiff alleges that the defendants, Trestman, Berger, Bannish, Buchanan, Gagne, Frayne, Walker and Bogle, have violated his right against disclosure of

3

confidential information by creating and using the Mental Health Interdisciplinary Treatment Plan form. This form included information regarding substance abuse and is available to custodial staff through their inclusion as part of the interdisciplinary team. The plaintiff asserts a violation of Administrative Directives 8.1 §§ 3A and 6R and 8.7 § 5B, as well as Conn. Gen. Stat. §§ 52-146d through 56-146k.

Section 52-146f(1) provides that patient information and records may be disclosed to other persons involved in treatment of the patient if the treating psychiatrist determines that disclosure is required to accomplish that treatment. Conn. Gen. Stat. § 52-146f(1). The plaintiff alleges that correctional staff are a part of the interdisciplinary treatment team. Thus, their access to his mental health records fall within the exception. The plaintiff fails to state a claim for violation of the state statutes prohibiting disclosure of his records or the directive requiring that he records be kept in a confidential manner. The fact that the plaintiff disagrees with the composition of the treatment team does not constitute a violation of the cited law. The second claim also is dismissed pursuant to 28 U.S.C. § 1915A.

In his final claim, the plaintiff alleges that the defendant, Davis, used excessive force against him on November 21, 2011, and denied the plaintiff his exercise period on that one day.

To the extent that the plaintiff is attempting to assert a claim for the denial of exercise on one day, the claim is not cognizable under section 1983. See Barclay v. New York, 477 F. Supp. 2d 546, 554 (N.D.N.Y. 2007) (stating that limited denial of recreation was not cruel and unusual punishment); see also Millhouse v. Arbasak, 373 Fed. Appx. 135 (3d Cir. 2010) (holding that denial of recreation for one day did not violate the Eighth Amendment); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (same).

In his final claim, the plaintiff also alleges that, between 7:55 and 9:12 a.m., he made seven complaints of pain to the defendants, Melina, Reed, Cieboter, Santiago.  At 9:37 a.m., he informed Lieutenant Saylor that he needed to see medical staff. A nurse came to his cell at 9:55 a.m. and told the plaintiff she would return.  Ten minutes later, the plaintiff asked Marinelli that he be seen by medical staff.  The nurse returned and examined the plaintiff at 10:50 a.m., less than one hour after speaking with him.  The plaintiff received pain medication at 1:06 p.m. Am. Compl. at 4-5.  In the Inmate Request attached to the amended complaint, Am. Compl. at 7-8, the plaintiff states that the action aggravated a previous hand injury and caused his wrist to throb.  He also states that the nurse informed him that she would have to check with the doctor before providing pain medication.

The plaintiff has not named any medical provider in his

complaint. Thus, he does not dispute the care provided. Rather, his claim is that the defendants, Melina, Reed, Cieboter and Santiago, failed to have the nurse examine him sooner. The nurse spoke with the plaintiff and promised to return before he complained to defendant Marinelli. There is no basis for a claim against defendant Marinelli for denial of medical care. See Santiago v. James, 1998 WL 474089, at *7 (S.D.N.Y. Aug. 11, 1998) (holding that challenges based on judgment of medical providers regarding order in which patients are treated are not cognizable under section 1983).

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners," whether "manifested by prison doctors in response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).

There are both subjective and objective components to the deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom., Foote v. Hathaway, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm
6

as a result of his actions or inactions. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

The second circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition. For example, a medical condition significantly affecting the inmate's daily activities or causing chronic and significant pain or the existence of an injury a reasonable doctor would find important, constitutes a serious medical need. See Chance, 143 F.3d 698, 702 (2d Cir. 1998). In addition, where the denial of treatment causes the plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

The court first considers whether the plaintiff has alleged facts showing that he suffers from a serious medical need. The plaintiff alleges that the pain in his wrist was caused by the defendant, Davis, bending his wrist against the handcuffs. In the inmate request, attached to the amended complaint, Am. Compl. at 7-8, the plaintiff states that the use of force occurred between 7:00 a.m. and 8:00 a.m. He immediately requested medical attention and made his first request at 7:55 a.m. The plaintiff also states in the inmate request that the action aggravated a previous hand injury and caused his wrist to throb.

While chronic pain can constitute a serious medical need, the plaintiff has not alleged facts that would support such a

determination. The plaintiff requested medical attention immediately following the incident. He spoke to the nurse in two hours and was examined and treated thereafter. This is not a situation where the inmate suffers chronic pain. Thus, the court questions whether the plaintiff suffered from a serious medical need. See Green v. Senkowski, 100 Fed. Appx. 45, 46-47 (2d Cir. 2004) (finding that the plaintiff had not established that he suffered from a serious medical condition where he received only mild, over-the-counter pain medication for his sporadic complaints of wrist pain and was never diagnosed with a chronic or severe wrist condition); Guarneri v. Hazzard, No. 9:06-CV-985 (NAM/DRH), 2010 WL 1064330, at *15 (N.D.N.Y. Mar. 22, 2010) (back pain prompting requests for "simple Ibuprofen and similar over-the-counter medications" did not amount to serious medical need); Washington v. Yvette, No. 6:09-1432, 2010 WL 1418590, at *4 (W.D. La. Mar. 17, 2010) (neck and back complaints that unincarcerated person would treat with over-the-counter, at home remedies, rather than emergency or specialized medical care, was not a serious medical need and had no constitutional significance).

In addition, to satisfy the subjective component of the deliberate indifference test, the plaintiff must allege facts suggesting that the defendants, Melina, Reed, Cieboter and Santiago, were actually aware of a substantial risk that he would suffer serious harm by failing to immediately contact the medical

unit. Although the plaintiff has alleged that these defendants made comments showing that they intended to complete their immediate tasks before contacting the medical unit, there is no suggestion that any of them were aware that the plaintiff would suffer serious harm by the delay. In fact, the plaintiff spoke to a nurse less than three hours after the incident giving rise to the purported injury. The court concludes that the plaintiff has not alleged facts stating a plausible claim for deliberate indifference to serious medical needs against the defendants, Melina, Reed, Cieboter and Santiago.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The plaintiff's motion to amend **[Doc. #4]** is **GRANTED**. The clerk is directed to separately docket the amended complaint.

(2) The case will proceed only on the claim against the defendant, Davis, for use of excessive force. All other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A. The clerk is directed to terminate the defendants, Reed, Cieboter, Santiago, Maldonado, Mulligan, Marinelli, Melina, Trestman, Gagne, Berger, Frayne, Buchanan, Walker, Banish and Bogle, as defendants in this case.

(3) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for the defendant, Davis, and mail a waiver of service of process request packet, containing the

amended complaint, to him within **fourteen (14) days** of this order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If defendant Davis fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the amended complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6) **The remaining defendant shall** file their response to the amended complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims. He also may include any and all additional defenses permitted by the federal rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be

Filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Pursuant to Local Rule of Civil Procedure 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered this 3RD day of February 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello,
United States District Judge